Crew, J.
The sole question involved in this case is that of the constitutionality of an act of the general assembly passed April 25, 1904, entitled an act “Fixing the salaries of the county surveyors in various counties of the state.” This act, found in 97 Ohio Laws, pages 313 and 314, omitting the enacting and repealing clauses, is as follows:
“Section 1. The county surveyor in each county of the state of Ohio shall receive in full compensation for his services a salary not to exceed $3,000 per annum, and the judges of the court of common pleas of each county are hereby constituted a commission to fix the amount of compensation of the surveyor of the county. Such annual compensation shall he so fixed once each year. When such a commission shall deem .it necessary the county surveyor may appoint deputies, not exceeding three (3) in number, as prescribed in section 1166 of the Revised Statutes of Ohio, at a salary for one, not exceeding two-thirds of the salary of the surveyor; and for the other two, not exceeding for each, one-half of the salary of the surveyor per annum; and shall appoint such other assistants as are provided for in this act.
“Section 2. Said commission shall fix an aggregate sum to he expended for the compensation of such assistants, engineers, draftsmen and inspectors as may he deemed necessary to properly carry out the official duties of the office. The compensation of the surveyor, his deputies and other employes shall be paid monthly on the warrant of the county auditor out of the various improvement funds of the *216 county in such amounts as may he pro rated by the-county auditor, to the various improvement funds. The county surveyor shall be responsible for the inspection of all public improvements, planned by him. The board of county commissioners shall allow the-surveyor and' said other employes their actual and necessary traveling expenses while engaged on county work, a statement of which expenses shall be-verified under oath by the person incurring the same. ’ ’ *217 that the powers and duties of each, shall he separate-from and independent of the powers and duties of the other co-ordinate branches, and the distribution so made to the several departments, by clear implication operates as a limitation upon and a prohibition of the right to confer or impose upon either powers that belong distinctively to one of the other co-ordinate branches. Kilbourn v. Thompson, 103-U. S., 168. Judge Cooley in his work on Constitutional Limitations, page 126, speaking of this distribution of powers, says:
*216 By the provisions of this act the county surveyor of each county of this state shall receive, in full compensation for his services, a salary not to exceed $3,000 per annum, the amount thereof to be fixed and determined by the judges of the court of common pleas of each county, who are by said act constituted a commission for that purpose and charged with the-duty of determining and fixing the amount of compensation that shall be paid to the county surveyors-in their respective counties. The first question perhaps that naturally suggests itself upon a consideration of this statute is, Are the powers conferred and the duties imposed upon the judges of the court of' common pleas by this act, legislative or judicial in their character? If purely legislative in their nature, then their delegation to a commission or tribunal other than the legislature itself is unauthorized, because inhibited by the constitution, for while-the constitution of Ohio does not in express terms forbid the conferring of powers belonging to one branch of the state government on any co-ordinate branch,, yet the fact that these governmental powers have been severally distributed by the constitution to the legislative, executive and judicial departments of our state government, clearly evidences a purpose--
*217 “One of the most noticeable features in American constitutional law is the care which has been taken to separate legislative, executive and judicial functions. It has evidently been the intention of the people in every state that the exercise of each should' rest with a separate department. The different classes of power have been apportioned to different, departments, and as all derive their authority from the same instrument, there is an implied exclusion of each department from exercising the functions conferred upon the others.”
The power attempted to he conferred upon the-judges of the court of common pleas of the several counties of this state by the statute here under consideration is, by the express terms of the statute, the-power to fix and determine the amount of compensation to he paid to county surveyors in their respective counties. The power so given, and the <luty thus, imposed, is not to determine the value of services already rendered and to fix the amount of compensation therefor with reference to the value so determined, requiring only the exercise of a judicial function, hut it is to fix a compensation or salary in advance of the services to be rendered by a county offi *218 cer (county surveyor), in such sum as said.judges may determine, not exceeding $3,000 per annum. The constitution of Ohio, article 2, section 20; provides that: “The general assembly in eases not provided for in this constitution shall fix the term of office and the compensation of all officers. ’ ’ The constitution itself having thus in express terms confided to the legislative department the power to fix the compensation of all officers, that branch' of the government is without right to delegate such power to a coordinate branch. Yet this is precisely that which is attempted, and is what will be accomplished by the ■statute under consideration, if the legislature shall be thus permitted to designate and select the judiciary as its agent for the fixing of compensation or •salaries for county surveyors. In support of the ■constitutionality of this act counsel for plaintiff invokes the doctrine of Cricket et al. v. The State, 18 Ohio St., 21, where it is said by this court, Judge White announcing the opinion, that “The duty enjoined by this section (sec. 20, art. 2) in regard to fixing the compensation of officers, does not require the general assembly to fix the sum or amount which ■each officer is to receive, but only requires that it shall prescribe or fix the rule by which such compensation is to be determined. ’ ’ But the interpretation thus given to this section can have no application in the present case nor can it aid us in determining the question of the validity of the statute here under consideration, for the very good and sufficient reason that this statute neither fixes the amount of compensation that shall be paid to county surveyors, nor does it “prescribe or fix a rule” by which the amount of such compensation is, or can be, ascertained and determined. Under this statute the amount of compen *219 sation to which county surveyors shall he entitled is to be determined solely by the judges, and the amount of such compensation or salary in a particular county can only be ascertained and known after the same shall have been fixed and determined by the judges of the court of common pleas of such county. In fixing the same, within the maximum limit prescribed, no rule need be followed, and no uniformity as to the amount allowed is required; but the amount fixed by the judges of one county may be more or less than the amount fixed by the judges of another county for exactly the same character of service, for the act itself prescribes no rule by which the amount is to be determined. . We are therefore unanimously of the opinion that the fixing of the compensation in the mode provided would be the exercise of a legislative function and that the power attempted to be conferred by this act upon the judges of the court of common pleas is purely a legislative power and may not rightfully be so delegated ; that for this reason the act is in conflict with section 20, article 2, of the constitution and therefore unconstitutional and void. In their brief in this case counsel for defendants contend that this act is invalid for the further reason that it is in conflict with certain provisions of the constitution other than section 20, article 2. But having determined that the act is invalid because repugnant to the last-named section we have not thought it important to consider the other objections to its validity urged by counsel in their brief.

The demurrer to the petition will be sustained and the petition dismissed.

Spear, C. J., Davis, Shauck, Price and Summers, JJ., concur.